145 F.3d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Lorenzo Eugene WALKER, Plaintiff-Appellant,
v.
Sharon HEATH, Detective, # 4956; Rick Craig, Detective, #
4558; C. Stockwell, Police Officer, # 5385; Julie A.
Hardwood, Officer, # 5067; Brenda L. Bannon, Prosecuting
Attorney, Defendants-Appellees.
 No. 97-35169.
D.C. No. CV-96-00569-CRD.
 
 1
 United States Court of Appeals, Ninth Circuit.
 
 Argued and Submitted Nov. 4, 1997.
Submission Withdrawn Jan. 13, 1998.
Resubmitted May 11, 1998.
Decided May 15, 1998.
 
 2
 Appeal from the United States District Court for the Western District of Washington, Carolyn Dimmick, District Judge, Presiding.
 
 
 3
 Before FLETCHER and O'SCANNLAIN, Circuit Judges, and SCHWARZER,** District Judge.
 
 
 4
 MEMORANDUM*
 
 
 5
 The district court granted summary judgment in favor of defendants on all of the claims brought by Walker incident to his erroneous arrest on November 18th, 1994. We affirm. Because the parties are familiar with the facts of this case, we recount them only to the extent necessary to explain our decision.
 
 I.
 
 6
 Walker's primary contention on appeal is that the defendants arrested him without probable cause. We disagree. It is not disputed that an eyewitness to a burglary, Ugles, made a definite and confident identification of Walker from the photo line-up, despite some minor variances between Ugles' initial description of the suspect and Walker's actual physical appearance. "Where the source of police information about a suspect is an eyewitness to the crime, probable cause to arrest the suspect may exist even in the absence of an independent showing of the reliability of the source." U.S. v. Hammond, 666 F.2d 435, 439 (9th Cir.1982). Ugles both saw the suspect and actually spoke to him at the scene of the crime. In addition, the officers knew that Walker had been a suspect in similar burglaries in the past and had recently been arrested for one such crime. This knowledge further buttressed their conclusion that Ugles' eyewitness identification provided probable cause to believe that Walker committed the burglary in question.
 
 
 7
 It is unfortunate that Walker was arrested for a crime that he did not commit. It is also true, at least in theory, that the officers could have discovered that Walker was being held at the King County jail at the time that the burglary for which Walker was a suspect was committed.[1] However, officers need look only to the totality of the circumstances known to them at the time of arrest in determining whether the requirements of probable cause are satisfied. See Barlow v. Ground, 943 F.2d 1132, 1135 (9th Cir.1991). We conclude that the officers here had reliable evidence from which they could reasonably conclude that the requirements of probable cause were satisfied when they arrested Walker. Walker has not raised any genuine issue of material fact that could lead a reasonable jury to conclude to the contrary. Thus, the district court did not err in granting summary judgment in favor of the officers.
 
 II.
 
 8
 Walker also claims that the defendants knowingly arrested him for a burglary that he could not possibly have committed and deliberately deprived him of his liberty for no good reason. Indeed, Walker charges that the defendants were a part of a farranging conspiracy whose aim was to violate Walker's civil rights. There is absolutely no evidence in the record to support these claims. Walker's erroneous arrest was just that: an error, not a nefarious plot.
 
 III.
 
 9
 Finally, for the reasons given by the district court, Walker's state law claims for false arrest and malicious prosecution must also be dismissed. The appellant presents no evidence that entitles him to a trial. The officers had probable cause to arrest. There is inadequate evidence to raise a material issue as to whether they acted unreasonably in not investigating further.
 
 
 10
 We AFFIRM the judgment of the district court granting summary judgment to defendants. All parties will bear their own costs.
 
 
 11
 AFFIRMED.
 
 
 
 **
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Defendants' counsel apparently failed to produce to plaintiff a piece of evidence: a print-out of Walker's "criminal history" that showed that Walker was arrested for a suspected burglary on the second of November. Officer Stockwell ran it before the arrest. It did not, however, reflect that Walker was still in jail at the time of the burglary. Counsel mistakenly represented to this court at oral argument that he had in fact produced the document to Walker during discovery